YARRUT, Judge.
The City of New Orleans, on behalf of its Sewerage & Water Board, seeks to expropriate, in fee, Defendants’ property, for the erection of a sewage disposal plant for the treatment of the City’s raw sewage before pumping it into the Mississippi River. Defendants deny in toto the need for the expropriation, contending the sewer disposal plant is “remote, speculative and arises out of the fancies and whimsical desires” of the City and the Water Board; and, alternatively, that any judgment of expropriation should be conditioned upon the completion of the project within five years, otherwise their property should revert to them upon return of the expropriated price.
Judgment of expropriation, in fee, was rendered in favor of the City acting for the Water Board, fixing the amount to be paid Defendants at $5,195.40, instead of the $15,000.00 they asked for.
Both the City and the Defendants appealed, the City asking a reduction of the award, and the Defendants asking first for a complete reversal, or for an increase in the award.
Defendants’ property is a square of ground located in the area, comprising 19 acres, sought for the sewage disposal plant, located in the Third Municipal District of New Orleans, which area is bounded by St. Maurice, Lafreniere, Hancock and Industry Streets. Defendants’ square is described as:
“That portion of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Third District of the City of New Orleans, State of Louisiana, designated by the No. 24 (old number) now Square 1854, bounded by Abundance, Agriculture, Delery and Pilie, now Dubreuil Streets.
“All in accordance with survey made by A. W. J. Bisso, Civil Engineer, Drawing No. 6098 E-3, dated 4/26/63, attached hereto (to original petition of Plaintiff) and made part hereof.”
Regarding the necessity for the expropriation, the uncontradicted evidence is that both Federal and State authorities have ordered the City and Water Board to cease and desist pumping its raw sewage directly into the Mississippi River, which pollutes its waters, under threat of court injunction relief. Competent experts and engineers testified that a sewage disposal plant is the only alternative to the present interdicted system, and have fully approved the site and plans for the sewer disposal plant. The Federal government appropriated over a million dollars for the project. The first stage of the work has already begun. There can be no doubt that the sewer disposal plant, as a substitute for the present system, is a permanent necessity for the protection of the public health and welfare of the City’s inhabitants.
It was sufficient, in carrying out the overall plan for the needed sewage disposal plant, even in the near future, for the City to show at this time that Defendants’ land is needed. City of New Orleans v. Moeglich, 169 La. 1111, 126 So. 675; Parish of Iberia v. Cook, 238 La. 697, 116 So. *78 2d 491; Greater Baton Rouge Port Commission v. Watson, 224 La. 136, 68 So.2d 901.
Regarding quantum, the District Court’s allowance of $5,195.40 was at the rate of six cents per square foot for 86,617.6 square feet. Defendants now ask for an increase to 8% cents per square foot, or for $7,400.-00; while the City asks for a reduction to 414 cents per square foot, or to $3,680.00.
In fixing the amount for expropriation, the test is market value, based on the most recent comparable conventional sales of similar property, and the highest and most profitable use to which the property may be put in the foreseeable future, excluding remote and speculative value. State Through Dept. of Highways v. Rapier, La.App., 152 So.2d 272; 244 La. 674, 153 So.2d 885; Central Louisiana Electric Co. v. Mire, La.App., 140 So.2d 467, and cases therein cited.
-Experienced and competent real estate experts for the City testified that the market value of the subject property is $3,680.00, figured at 4J4 cents per square foot; based upon sixteen comparable sales recently made to the City within the immediate vicinity and area involved. The City acquired in September 1960, from' a religious congregation, a square at .038 cents a.square foot and five other squares at .0307 cents per square foot. A prominent realtor himself sold two comparable squares to the City, by conventional sale, on the basis of .038 cents per square foot, in June 1960.
Defendants’ chief claim for an increase is based on the sales of squares 1640 and 1641, which front on Florida Avenue sold for .075 and .0614 cents per square foot, respectively. This avenue contains the levee that protects the land sought of it. These squares are contiguous to the area which is built up, with drainage, sewerage, water, and all utilities, streets, sidewalks, etc. The property of the Defendants is not contiguous to Florida Avenue. It is approximately 650 feet therefrom.
The levee on Florida Avenue divides the usable land from the marsh. It protects the land south of it from the overflow waters of Lake Borgne. That location is built up with streets in actual use for many years; sewerage, water and drainage facilities. The land of the Defendants is swampland, without drainage, sewerage, water, gas or electricity, and subject to tidal waters from Lake Borgne and accessible only by helicopter. The only streets are on a plan drawn by a developer more than 100 years ago. The City’s Comprehensive Zoning Ordinance classifies it as L-heavy industrial, and is assessed for taxation at $300.00.
However, these are the only sales that Defendants’ expert cites where the sale price exceeded 4j4 cents per square foot, as against the testimony of the City’s two experts of 4}4 cents based on sixteen comparables, two of which were made by a real estate agent of his own property for only .038 cents.
Defendants refer to other and proposed improvements in other areas, which reflect on the value of their property. This is speculative and should not be considered in fixing the market value of the subject property.
From the overall testimony of the experts, we think a fair value of Defendants’ square of ground should be fixed at 4% cents for the 86,617.6 square feet, or a total of $3,897.79.
For the reasons assigned, the judgment of the District Court in favor of Defendants is reduced from $5,195.40 to $3,897.79, with interest from judicial demand, plus $200.00 expert’s fee; Defendants to pay taxable costs in both courts; otherwise, the judgment is affirmed.
Amended and affirmed.